NEIMAN-MARCUS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11273.   Promulgated May 4, 1928.

*B. G. Simpich, Esq.*, and *Donald Horne, Esq.*, for the petitioner.
*G. L. Backstrom, Esq.*, for the respondent.

OPINION.

MORRIS: The sole question for our consideration is whether the assessment of the deficiency asserted by the respondent is barred by the statute of limitations.

The petitioner contends that its case is one falling within the provisions of section 283 (b) of the Revenue Act of 1926, and that, therefore, the deficiency must be regarded as one imposed by that Act, and, furthermore, that the procedure with respect to the assessment and collection of said deficiency as provided for in section 274 of that Act must be followed. Section 274 (a) of the Revenue Act of 1926 provides:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. * * *

The petitioner's counsel argue that since the respondent failed to mail a notice of deficiency to it after the enactment of the Act of 1926, the following provision of section 274 (a), *supra*, is controlling.

* * * No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, * * *.

While section 283 (a) of the Revenue Act of 1926 provides that if after the enactment thereof the respondent determines that an assessment should be made in respect to the Revenue Acts of 1916, 1917, 1918, 1921 and 1924, he is *authorized* to mail a notice of the amount proposed to be assessed, there is no mandatory provision that the respondent should mail such a notice where the determination has been made and notice has already been mailed prior to the enactment of the 1926 Act. The fact that section 283 (b) of that Act specifically gives the Board jurisdiction of an appeal filed from such a notice and pending before the Board at the time of the enactment of that Act refutes the petitioner's contention. We, therefore, are unable to concur in it.

The petitioner's income and profits tax return for the year 1918 was filed on June 15, 1919; under date of February 8, 1924, or within five years after the filing of its 1918 return, the petitioner and respondent entered into a written consent to extend the time within which the assessment of tax for that year might be made for a period of one year; on April 20, 1925 the petitioner and respondent entered into another consent in writing to extend the time prescribed by law for the assessment of taxes for 1918 until December 31, 1925, and on October 23, 1925, a further consent in writing was entered into between the petitioner and respondent extending the time for making said assessment for 1918 until December 31, 1926, " except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days,

or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board." The respondent mailed a deficiency notice to the petitioner on November 27, 1925, and the petitioner duly appealed therefrom to this Board on January 25, 1926.

The Revenue Act of 1924, sections 277 and 278, provide:

SEC. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

\* \* \* \* \* \* \*

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

SEC. 278. (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

SEC. 277. (b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

Similar provisions appear in the Revenue Act of 1926.

The petitioner and the respondent having consented in writing to extend the period within which assessment of the tax for 1918 might be made as provided for in section 278 (c), *supra*, and a notice of deficiency having been mailed to the petitioner by the respondent, within said period as extended, in accordance with section 274 of the Revenue Act of 1924, and the petitioner having filed an appeal with this Board within the time prescribed, the assessment of the tax is not barred by the statute of limitations.

We have examined the case of *Towaway Mills, Inc.*, 61 Ct. Cls. 363, and 63 Ct. Cls. 646, but are unable to agree with counsel for the petitioner that the instant case falls within the doctrine laid down therein.

*Judgment will be entered for the respondent.*